UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA MANUELA SUMBA LEMA,

                      Plaintiff,         **REPORT AND RECOMMENDATION**
      - against -                         **19 CV 836 (WFK) (LB)**

LIC EVERGREEN CLEANERS INC.,
NY EVERGREEN CLEANERS INC., JOHN
SHIN, ETHAN H. BYUN, SUSANNE DOE,
and JEFF DOE,

                      Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Maria Manuela Sumba Lema brings this action against defendants LIC Evergreen Cleaners Inc., NY Evergreen Cleaners Inc., John Shin, Ethan H. Byun, Susanne Doe, and Jeff Doe ("defendants") alleging that defendants violated her rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her overtime compensation and minimum wage when she was employed as a dry cleaner and a packer for defendants. ECF No. 1 at ¶¶ 1–4, 5–10, Complaint ("Compl."). The parties settled this case on May 24, 2019, and the parties now move for settlement approval. ECF No. 15. The Honorable William F. Kuntz referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that the parties' motion for settlement approval should be granted.

1

## BACKGROUND

Defendants operate a dry cleaner located in the Long Island City, New York. Id. at ¶ 23. Plaintiff worked as a dry cleaner and packer from approximately 2009 until January 31, 2019. Id. at ¶¶ 34–36. Plaintiff alleges from January 2016 to January 31, 2019, she worked from 9:00 a.m. until 6:20 p.m. four days a week, and from 9:00 a.m. to 6:00 p.m. two days a week. Id. at ¶ 42. Plaintiff further alleges that she was paid by check and cash, and that from approximately February 2013 to April 2017, defendants paid plaintiff a fixed salary of $600 per week, and from approximately May 2017 to January 31, 2019, defendants paid plaintiff a fixed salary of $569.13 per week. Id. at ¶¶ 44–46. Finally, plaintiff states that defendants failed to provide wage notices and wage statements in English and Spanish as required b NYLL § 195(1). Id. at ¶ 55.

## PROCEDURAL HISTORY

Plaintiff commenced this action on February 12, 2019, ECF No. 1, and defendants answered plaintiff's complaint on March 7, 2019. ECF No. 11. The Court set the initial pretrial discovery and mediation schedule on March 22, 2019, ECF No. 12, and on May 24, 2019, the parties advised the Court that they had reached a settlement in principle. ECF No. 14. Plaintiff's counsel now files the instant motion seeking settlement approval on behalf of both parties. ECF No. 15. ("Mot. Settl.").

## DISCUSSION

**I.     Standard for Approving FLSA Settlements**

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l

Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

## II.  Instant Settlement Agreement

The instant motion for settlement approval includes the parties' executed settlement agreement. See Agreement, ECF No. 15-1. The Agreement provides that plaintiff releases defendants from "any . . . claims . . . relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement" and shall seek dismissal of the instant case with prejudice in exchange for $24,000 upon approval by the Court. Agreement at 2. Of the total $24,000 settlement, plaintiff shall be paid $16,000, plus $8,000 for attorney's fees and costs. Mot. Settl. at 1–2.

The Agreement's release is tailored to plaintiff's wage and overtime claim against defendants up until the date of plaintiff's execution of the Agreement. Id. The Agreement does not contain a confidentiality provision or a non-disparagement clause.

### A.  Reasonableness

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud

3

or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2–3 (E.D.N.Y. Jan. 25, 2018) (addressing the Wolinsky factors). Furthermore, in light of Cheeks, courts in this Circuit have repeatedly rejected highly restrictive confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015).

Under the settlement agreement, defendants shall pay plaintiff $24,000. Of the $24,000, plaintiff shall recover $16,000. Plaintiff's recovery percentage is reasonable. See Agreement at 2–3; see also Ceesae v. TT's Car Wash Corp., No. 17 CV 291, 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), adopted by, 2018 WL 741396, (net settlement of 50% of FLSA plaintiff's maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., No. 16 Civ. 344, 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., No. 16 Civ. 3502, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable).

The settlement provides plaintiff with certainty regarding what she will recover from defendants and avoids the time and expense of litigation. Because the parties quickly reached a settlement prior to the start of formal discovery, they avoided the burden and cost of discovery, motion practice, and trial preparation. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

As for the last two <u>Wollinsky</u> factors, the parties' settlement is the product of arm's-length "extensive negotiations" between counsel. <u>See</u> Mot. Settl. at 3. Taking into account the parties' genuine dispute as to liability and damages in this case, specifically the "contested factual and legal disputes that went to the heart of plaintiff Sumba's claims," plaintiff's recovery is significant in light of the risks she would face at trial. Accordingly, I find that plaintiff's recovery is fair and reasonable.

**B.     General Release Clause**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" <u>Gurung v. White Way Threading LLC</u>, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing <u>Lopez v. Nights of Cabiria, LLC</u>, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." <u>Mahalick v. PQ New York Inc.</u>, No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citation omitted); <u>see Souza</u>, 2015 WL 7271747, at *6 (discussing that courts typically reject overbroad releases because FLSA releases should be limited to wage-and-hour claims). Broad general releases are generally impermissible. <u>See</u> <u>Cheeks</u>, 796 F.3d at 206. A release is overbroad if it "confers an uncompensated, unevaluated, and unfair benefit on the employer[.]" <u>Lopez</u>, 96 F. Supp. 3d at 181 (internal citation omitted).

Plaintiff here only releases defendants from liability for any claims she may have had against defendants up until the date of the Agreement under the statutes and regulations pertaining to this lawsuit. Specifically, plaintiff agrees to release defendants from "any . . . claims . . . relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this

5

Agreement" regarding her employment as a dry cleaner and a packer under the FLSA and the NYLL. Agreement at 2. Accordingly, the Agreement's release is specifically tailored to the instant litigation and should be approved as fair and reasonable. See Yunda v. SAFI-G, Inc., No. 15 Civ. 8861, 2017 WL 1608898, at *3 (S.D.N.Y. April 28, 2017) (collecting cases in which the Courts grant settlement approval containing general releases that are tailored to the claims brought in the original complaint).

### C.   Attorney's Fees

Under the settlement agreement, defendants shall pay plaintiff a lump sum of $24,000. See Mot. Settl. at 2. Plaintiff shall receive two-thirds ($16,000), and plaintiff's counsel shall receive one-third ($8,000) inclusive of costs.[1]

The Court evaluates the reasonableness of the attorney's fees under 29 U.S.C. § 216(b) and NYLL § 663(1) to ensure that the simultaneous negotiation of fees and the settlement amount does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336.  Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08 CV 4377 (KAM) (CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010), the Court "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Wolinksy, 900 F. Supp. 2d at 336.  To assess the reasonableness of the proposed attorney's fees, a court will review the attorney's contemporaneous billing records documenting the hours expended and the nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run Guo

---

[1] Plaintiff's counsel includes his contemporaneous time records. See ECF No. 15-3. Additionally, plaintiff has included records for costs, including the filing fee and service fees for a total amount of $732.

Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667 (PAE), 2015 WL 5122530, *2 (S.D.N.Y. Aug. 31, 2015).  A court may adjust the fee upward or downward from the lodestar amount based on other considerations.  Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Plaintiff's counsel seeks $8,000 (or 33%) of the total settlement award as attorney's fees and costs. In support of his fee award, plaintiff's counsel states that his "lodestar in this case is $7,437" and that counsel's requested recovery in this litigation represents "a reduction in fees from what is identified in plaintiff Sumba's retainer agreement, which provides that forty percent . . . will be retained by the firm[.]" Mot. Settl. at 2–3. Plaintiff's counsel submits his contemporaneous billing records. ECF No. 15-3; Lopez, 96 F. Supp. 3d at 181 (S.D.N.Y. 2015) ("[A] proper fee request 'entails submitting contemporaneous billing records, documenting, for each attorney, the date, the hours expended, and the nature of the work done.'") (quoting Wolinsky, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012)).

First, this Court would not approve plaintiff's counsel's forty percent retainer. Courts in this district generally find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable, Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012), I find that plaintiff's counsel's fee award of $8,000 in this action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez v. K Bread Co. Inc., No. 15 CV 6848, 2017 WL 2266874, at *7 (finding "30% of the

7

total settlement [to be] a reasonable and appropriate attorney's fee award). Thus, I respectfully recommend that plaintiff's request for attorney's fees and costs should be approved.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court should approve the parties' instant motion for settlement approval and close this case.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                               /S/
                                  LOIS BLOOM
                                  United States Magistrate Judge

Dated: November 8, 2019
        Brooklyn, New York